IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA Q. RHEE, | No. 2:18-CV-0105-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MEDICAL BOARD OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court are defendants' motions to dismiss (Docs. 12 and 14). The parties appeared for a hearing before the undersigned in Redding, California, on June 6, 2018. Following argument, the matters were submitted.

/ / /

/ / /

/ / /

/ / /

/ / /

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action with a pro se complaint filed on January 17, 2018 (Doc. 1). Plaintiff names the following as defendants: (1) Medical Board of California; (2) Kimberly Kirchmeyer; (3) Michelle Bholat, M.D.; (4) Nathan Lavid, M.D. (5) Reinhardt Hilzinger, M.D.; (6) Roberto Moya; (7) Xavier Becerra; (8) Alexandra Alvarez; and (9) Megan O'Carroll ("state defendants" collectively). Plaintiff also names: (1) Biggs-Gridley Memorial Hospital; (2) Steven Lee Start; (3) James C. Brown, Jr., DO; (4) Kirsten Storne-Piazza; (5) Henry B. Starkes, Jr., M.D.; (6) April Plasencia Buttacavoli; (7) John T. Harris; (8) Margaret Isley Brown; (9) Edwin A. Becker, Jr.; (10) Clark S. Redfield; (11) Joe Cunha; (12) Curt Engen; (13) Art Cota; and (14) Jatinder S. Kullar ("hospital defendants" collectively).[1]

Plaintiff, who is a physician, alleges various constitutional and statutory violations in connection with proceedings initiated by defendant Medical Board of California to revoke her license to practice medicine in the state. For relief plaintiff seeks "Dollar amount To be decided by jury" as well as various forms of declaratory and injunctive relief.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] On February 1, 2018, plaintiff filed a document entitled "Amendment to Initial Complaint" (Doc. 6). On February 8, 2018, plaintiff filed a document entitled "Amendment #2" (Doc. 7). Neither document is a complete amended complaint. Rather, both are lists of purported additional defendants. Because neither document is complete in itself without reference to the prior pleading, both have been stricken pursuant to Eastern District of California Local Rule 220, which provides that "No pleading shall be deemed amended or supplemented until this Rule has been complied with."

## II. DISCUSSION

**A. State Defendants' Motion to Dismiss**

1. Abstention

The state defendants argue that the court should abstain from exercising jurisdiction and dismiss the case pursuant to Younger v. Harris, 401 U.S. 37 (1971), because state license revocation proceedings are ongoing. To determine if Younger abstention is appropriate, the court must examine: (1) the nature of the state proceedings to determine whether the proceedings implicate important state interests; (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings; and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in the state proceedings. See Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).

The first element is met in this case because proceedings conducted by the Medical Board of California implicate important state interests. See Arnett v. Dal Cielo, 14 Cal. 4th 4, 7 (1996) ("Since the earliest days of regulation the Board has been charged with the duty to protect the public against incompetent, impaired, or negligent physicians. . . ."). The Medical Board of California has statutory authority to enforce the disciplinary and criminal provisions of the Medical Practice Act. See Cal. Bus. & Prof. Code § 2004(a) & (e). It is the only agency authorized to commence disciplinary actions relating to physicians and surgeons. See Bus. & Prof. Code § 2220.5(a).

The second element is also met because the state proceedings were initiated "before any proceedings of substance on the merits have taken place in federal court." Hawai'i Housing Auth. v. Midkiff, 467 U.S. 229, 238 (1984). In this case, the license revocation proceedings were initiated against plaintiff on January 9, 2018, and plaintiff filed her federal complaint on January 17, 2018.

///

///

Finally, the third element is met. In <u>Kenneally</u>, the Ninth Circuit conducted a review of the statutory scheme in place for review of decisions of the Medical Board of California and concluded that the plaintiff had "not established that California's agency review procedures deny him an opportunity for meaningful review of his constitutional claims. 967 F.2d at 333.

2. <u>Immunity</u>

The state defendants also argue that they are entitled to sovereign immunity under the Eleventh Amendment. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. <u>See</u> <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Because the Medical Board of California is a state agency, it is immune from suit.

The state defendants argue that Eleventh Amendment immunity also extends to state officials sued in their official capacities. <u>See</u> <u>Eaglesmith v. Ward</u>, 73 F.3d 857, 859 (9th Cir. 1995); <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). Under the doctrine of <u>Ex Parte Young</u>, 209 U.S. 123 (1908), however, the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. <u>See</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1025 (9th Cir. 1997). Because plaintiff seeks prospective declaration and/or injunctive relief, the Eleventh Amendment does not bar plaintiff's action as against the named state officials sued in their official capacities.

In addition to arguing that they are entitled to immunity under the Eleventh Amendment, the state defendants argue that they are entitled to absolute or quasi judicial and/or prosecutorial immunity. Such immunity may be extended to state officials who are not traditionally regarded as judges or prosecutors if the functions they perform are similar. <u>See</u> <u>Sellars v. Procunier</u>, 641 F.2d 1295, 1302-03 (9th Cir. 1981) (discussing parole board members).

4

1 Therefore, the officers of the Medical Board of California, as well as its officers, are entitled to
2 immunity.  Moreover, defendant Becerra, the Attorney General of the State of California, along
3 with those other named defendants who are subordinate attorneys responsible for prosecuting the
4 agency action against plaintiff, are also entitled to immunity.

5 Finally, the state defendants argue that the physicians consultants and
6 investigators associated with the state license revocation proceedings are entitled to qualified
7 immunity.  This argument is persuasive because plaintiff fails to allege any constitutional
8 violation as to these defendants (Drs. Lavid, Hilzinger, and investigator Moya).  See Saucier v.
9 Katz, 533 U.S. 194, 201 (2001).

       **B.**       **Hospital Defendants' Motion to Dismiss**

11 The hospital defendants argue that the court lacks personal jurisdiction because
12 they have not been properly served.  A review of the docket, however, reflects that the hospital
13 defendants have been served (see Docs. 25, 26, 27, 28, and 29).

14 Because Younger abstention is appropriate for the reasons discussed above, the
15 court should decline to rule on the hospital defendants' remaining arguments.

16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. The state defendants' motion to dismiss (Doc. 12) be granted;

2. The hospital defendants' motion to dismiss (Doc. 14) be denied insofar as they argue lack of jurisdiction due to failure to effect service of process; and

3. This action be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 12, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE