IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HANNA Q. RHEE,

    Plaintiff,

v.

MEDICAL BOARD OF CALIFORNIA, et al.,

    Defendants.

No. 2:18-CV-0105-KJM-DMC

ORDER

Plaintiff, who is proceeding pro se, brings this civil action. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules. On July 13, 2018, the previously assigned magistrate judge filed findings and recommendations addressing defendants' motions to dismiss, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Plaintiff filed timely objections to the findings and recommendations, ECF No. 37, and the hospital defendants filed a request for clarification, ECF No. 36.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations regarding state defendant immunities to be generally

1

supported by the record and by proper analysis and those findings and recommendations thus will be adopted, with the exceptions and clarifications described below. The court declines to adopt the balance of the findings and recommendations. The court remands the matter back to the magistrate judge to resolve the motion for clarification and to issue supplemental findings and recommendations on the state defendants' motion to dismiss and new findings and recommendations on the hospital defendants' motion consistent with this order.

I. ELEVENTH AMENDMENT IMMUNITY

The magistrate judge is correct that the Eleventh Amendment bars suit against a state agency, which bars plaintiff's claims against the Medical Board of California. Findings at 4 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)); *Sprague v. Med. Bd. of California (MBC)*, 402 F. App'x 275, 276 (9th Cir. 2010) (*citing Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21–22 (9th Cir. 1983) (per curiam) (Eleventh Amendment immunity applies to actions naming state agencies or state officials sued in their official capacity)). Additionally, the magistrate judge is correct that Eleventh Immunity does not bar plaintiff from seeking prospective injunctive relief or proceeding on declaratory relief claims against state officials sued in their official capacities. Findings at 4 (citing *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997)). However, plaintiff's complaint also includes a request for money damages. Compl., ECF No.1, at 15 ("Dollar amount to be determined by jury."). To the extent the state defendants are sued in their official capacity for damages, plaintiff's claims for damages must be dismissed. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–103 (1984).

II. QUASI- JUDICIAL AND/OR PROSECUTORIAL IMMUNITY

The magistrate judge is also correct that the Medical Board of California and its officers and attorneys representing the Medical Board are entitled to quasi-judicial or prosecutorial immunity. Findings at 5. "Under certain circumstances, absolute immunity is also extended to agency representatives performing functions analogous to those of a prosecutor or a judge." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir. 2004). To determine

/////

whether absolute immunity should be extended, courts analyze six nonexclusive factors originally articulated in *Butz v. Economou*, 438 U.S. 478, 512–13 (1978):

> (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (6) the correctability of error on appeal.

*Mir v. Deck*, No. SACV 12-1629-RGK SH, 2013 WL 4857673, at *15 (C.D. Cal. Sept. 11, 2013) (citing *Cleavinger v. Saxner,* 474 U.S. 193, 202 (1985)), *aff'd*, 676 F. App'x 707 (9th Cir. 2017). Ninth Circuit courts have concluded that officers of state medical boards are entitled to absolute immunity for quasi-judicial or quasi-prosecutorial acts based on these factors. *See Olsen*, 363 F.3d at 925–26; *Mishler v. Clift*, 191 F.3d 998, 1007 (9th Cir. 1999); *Gambee v. Williams*, 971 F. Supp. 474, 477 (D. Or. 1997); *see also Mir*, 2013 WL 4857673, at *12–15. Here, the claims against defendants MBOC, Kirchmeyer (Director of MBOC)[1] and Bholat (MBOC member), Compl. ¶¶ 8, 10, are for their alleged actions in connection with the Medical Board's administrative proceeding against plaintiff. *See* Compl. at 10–11 (allegations against "Defendant MBOC" and "Defendant MBOC Board member Michelle Anne Bholat MD"). Thus, they were "agency representatives performing functions analogous to those of a . . . judge" at the time of the alleged conduct and are entitled to immunity. *Olsen*, 363 F.3d at 925–26 (holding members of Idaho Medical Board "function in a sufficiently judicial or prosecutorial capacity" to be entitled to immunity); *see also Mir*, 2013 WL 4857673, at *15 (finding members of Medical Board involved in administrative proceeding against plaintiff entitled to absolute immunity for their "quasi-judicial functions performed in connection with the hearing"). The claims against defendants Medical Board of California, Kirchmeyer, and Bholat are therefore DISMISSED with prejudice on the basis of immunity.

/////

---

[1] Defendant Kirchmeyer is not referenced by name in plaintiff's statement of specific facts in the complaint, the court construes the allegations against "Defendant MBOC" as also against MBOC's Director, Kirchmeyer.

3

Moreover, the state attorneys representing the Medical Board are "immune from lawsuits for any action[s] [they] commit[] in discharging [their] litigation-related duties," *Yoonessi v. Albany Med. Ctr.*, 352 F. Supp. 2d 1096, 1103 (C.D. Cal. 2005) (referring to attorneys in the Attorney General's Office) (citing *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)). Accordingly, defendant O'Carroll is entitled to immunity, as the claims against her arise out of their litigation-related duties in connection with the MBOC investigation. *See* Compl. at 10–12; State Defs.' Mot. to Dismiss, ECF No. 12-1, at 14. Though the claims against defendant Alvarez are unclear, it appears she is named in the complaint, because she is O'Carroll's supervisor. Compl. ¶ 17a ("Alexandra M. Alvarez Esq is a Supervising Deputy Attorney General in the State of California overseeing Defendant Megan O'Carroll Esq."). Accordingly, the same rationale appears to apply to Alvarez. Finally, although plaintiff's claim against defendant Attorney General Becerra is also not entirely clear as pled, to the extent the claim is based on his actions in supervising the other named deputy attorneys general, he is entitled to immunity for the same reasons. Therefore, the claims against O'Carroll are DISMISSED with prejudice, and the claims against Alvarez and Becerra are DISMISSED but with leave to amend if possible subject to Federal Rule of Civil Procedure 11.

III. *YOUNGER* ABSTENTION

The magistrate judge recommends the court dismiss all of plaintiff's claims against all of the defendants under the doctrine of *Younger* abstention. Findings at 3–4. However, the magistrate judge did not analyze the exception to the *Younger* doctrine for proceedings undertaken in bad faith or for harassment, which appears to be at the heart of plaintiff's claim in this case. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971); Opp'n to Mot. to Dismiss, ECF No. 18 at 5–8. The magistrate judge also did not include an analysis of how *Younger* abstention affects plaintiffs' claims against the hospital defendants.

Accordingly, the matter will be referred back to the magistrate judge to address these and any other remaining issues.

/////

/////

IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 13, 2018, are adopted in part and rejected in part as explained above.
2. The state defendants' motion to dismiss (Doc. 12) is resolved as follows:
   a. Plaintiff's claims against defendants Medical Board of California, Kirchmeyer, Bholat, and O'Carroll are DISMISSED with prejudice;
   b. Plaintiff's claims for damages against defendants Alvarez and Attorney General Becerra are DISMISSED with prejudice, while her claims for prospective and injunctive relief against Alvarez and Attorney General Becerra are DISMISSED without prejudice; and
   c. The portion of the motion arguing *Younger* abstention should apply is referred back to the magistrate judge for the preparation of supplemental findings and recommendations.
3. The hospital defendants' motion to dismiss (ECF No. 14) is referred back to the magistrate judge for the preparation of new findings and recommendations taking into account the contents of this order and defendants' request for clarification, ECF No. 36.

DATED: August 27, 2019.

UNITED STATES DISTRICT JUDGE

5