IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA Q. RHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>BIGGS-GRIDLEY MEMORIAL HOSPITAL, et al.,<br><br>    Defendants. | No. 2:18-CV-0105-KJM-DMC<br><br><br><u>ORDER</u> |

        Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion, ECF No. 54, for an extension of time and for leave to utilize the Court's Electronic Case Filing (ECF) system.

        In her motion, Plaintiff states that she only learned of the Court's January 5, 2022, findings and recommendations by way of an email from opposing counsel and that she still has not received a copy of the findings and recommendations by mail. It is on the basis of these contentions that Plaintiff seeks both an extension of time to respond to the findings and recommendations as well as leave to file and receive documents by way of the ECF system.

/ / /

/ / /

/ / /

1

Good cause appearing therefore, Plaintiff's request for an extension of time to respond to the January 5, 2022, findings and recommendations will be granted. The Court finds, however, that Plaintiff has not at present demonstrated sufficient cause to grant an exception to the Court's local rule excepting pro se litigants from the requirement to file electronically via the ECF system. Under Eastern District of California Local Rule 133(a), filing in this Court is to be accomplished electronically via the ECF system. Local Rule 133(b)(2) provides an exception to this general rule for pro se litigants, who may not absent leave of court utilize the ECF system and, instead, must serve and receive documents by mail. Under Local Rule 133(b)(3) the Court may grant pro se litigants leave to utilize the ECF system upon "explanation for the reasons for the exception." Here, Plaintiff appears to contend that she should be permitted leave to utilize the ECF system because of delays associated with ordinary mail. The Court finds this to be an insufficient explanation of reasons Plaintiff cannot proceed by mail and must, instead, be permitted leave to access the ECF system. To the extent Plaintiff experiences delay, the Court will, as here, provide appropriate and reasonable accommodation. Plaintiff's request for leave to file electronically via ECF will be denied without prejudice to renewal upon further explanation.

Accordingly, IT IS HERREBY ORDERED that:

1. Plaintiff's motion, ECF No. 54, is denied to the extent Plaintiff seeks leave under Local Rule 133(b)(3) to file electronically via ECF;

2. Plaintiff's motion, ECF No. 54, is granted to the extent Plaintiff seeks additional time to respond to the Court's January 5, 2022, findings and recommendations and supplemental findings and recommendations;

3. Plaintiff may file objections within 30 days of the date of this order; and

4. The Clerk of the Court is directed to re-serve on Plaintiff with this order a copy of the Court's January 5, 2022, findings and recommendations and supplemental findings and recommendations.

Dated:  January 25, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2