IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA Q. RHEE, | No. 2:18-CV-0105-DAD-DMC |
| Plaintiff, | |
| v. | ORDER |
| ALEXANDRA M. ALVAREZ, et al., | |
| Defendants. | |

        Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is the motion to dismiss Plaintiff's first amended complaint filed by Defendants Medical Board of California, Kimberly Kirchmeyer, Michelle Bholat, Nathan Lavid, Reinhardt Hilzinger, Roberto Moya, Xavier Becerra, Alexandra Alvarez, and Megan O'Carroll (collectively "State Defendants")[1]. See ECF No. 61. For the reasons set forth below, Plaintiff's first amended complaint is deemed withdrawn, State Defendants' motion to dismiss is stricken, and Plaintiff is directed to file a first amended complaint in accordance with the District Court's order of March 21, 2022.

///

---

[1] Pursuant to the District Judge's March 21, 2022, order, this action currently proceeds against Defendants Alvarez and Bonta only. See ECF No. 59.

1

Plaintiff filed her original complaint against Defendants Medical Board of California, Kimberly Kirchmeyer, Michelle Bholat, Nathan Lavid, Reinhardt Hilzinger, Roberto Moya, Xavier Becerra, Alexandra Alvarez, and Megan O'Carroll alleging: (1) "Right to equal protection under the law"; (2) Violation of Right to Privacy and related due process, et al."; (3) "Violation of Right to Free Speech, Press, Peaceably Assemble, et al."; and (4) "Violation of Right to work and related due process, et al." ECF No. 1, pgs. 12-15. Plaintiff sought monetary damages and injunctive relief. See id. at 15.

In response, State Defendants filed a motion to dismiss. See ECF No. 12. State Defendants primarily argued that the Court should decline to exercise jurisdiction under Younger v. Harris, 401 U.S. 37 (1971). See ECF No. 12-1. The State Defendants also argued: (1) Defendant Medical Board of California (MBOC) as well as the individual State Defendants acting in their official capacities were immune from suit under the Eleventh Amendment; (2) Defendants Bholat, Kirchmeyer, O'Carroll, and Alvarez were entitled to absolute immunity as judges/prosecutors; (3) Defendants Lavid, Hilzinger, and Moya were entitled to qualified immunity; (4) Plaintiff could not state a claim under 42 U.S.C. § 1983 against any of the State Defendants acting in his or her official capacity; and (5) Plaintiff failed to allege facts showing any violation of federal law as to any State Defendant. See id.

Thereafter, the Court issued findings and recommendations and, inter alia, concluded the Court should abstain under Younger and recommended dismissal of the entire action. See ECF No. 35, pg. 6. The District Judge issued an order adopting the findings and recommendations in part and referring the matter back to the assigned Magistrate Judge for further consideration of Defendants' motion to dismiss as to abstention under Younger. See ECF No. 40, pg. 4. Notwithstanding, as to the State Defendants, the District Judge held:

> 1. Plaintiff's claims against Defendant Medical Board of California are barred in their entirety by the Eleventh Amendment.
>
> 2. Plaintiff's claims for damages against the State Defendants are barred by the Eleventh Amendment to the extent the State Defendants are sued in their official capacities.

///

      3.     Plaintiff's claims against Defendants Medical Board of California, Kirchmeyer, O'Carroll, and Bholat are dismissed with prejudice on the basis of absolute quasi-judicial and/or quasi-prosecutorial immunity.

      4.     Plaintiff's claims for damages against Defendants Alvarez and Becerra are dismissed with prejudice.

      5.     Plaintiff claims for injunctive relief against Defendants Alvarez and Becerra are dismissed with leave to amend.

See ECF No. 40.

On January 5, 2022, the Magistrate Judge filed supplemental findings and recommendations and findings and recommendations. See ECF No. 53. On March 21, 2022, the District Judge adopted the supplemental findings and recommendations in full and held with respect to the State Defendants as follows:

      1.     The supplemental findings and recommendations and findings and recommendations filed January 5, 2022, are adopted in full;

      2.     The State Defendants' motion to dismiss is denied insofar as they argue the Court should abstain from exercising jurisdiction pursuant to Younger;

      3.     The State Defendants' motion to dismiss is denied insofar as they argue they are not "persons" for purposes of § 1983;

      4.     The State Defendants' motion to dismiss is granted insofar as they argue Plaintiff fails to state a claim against Defendants Moya, Lavid, and Hilzinger and these defendants are entitled to qualified immunity;

      5.     Defendants Moya, Lavid, and Hilzinger are dismissed with prejudice;

\* \* \*

      8.     Plaintiff is directed to file a first amended complaint as to her claims for injunctive relief against Defendants Alvarez and Becerra within 30 days of the date of this order.

ECF No. 59.

On April 18, 2022, Plaintiff filed a first amended complaint. See ECF No. 60. In her first amended complaint Plaintiff alleges violations arising under 42 U.S.C. §§ 1981, 1983, American Disabilities Act of 1990, Title VI of Civil Rights Act of 1964, 42 U.S.C. § 2000d, 5 U.S.C. § 552(b)(7)(C), claims intentional infliction of emotional distress, and seeks injunctive

1  relief ("FAC").  See ECF No. 60, pgs. 9-22.  No summons has been issued with respect to any

2  defendants newly named in the FAC, and other than this motion on behalf of State Defendants, no

3  other named Defendant has made an appearance.

4          On May 25, 2022, State Defendants filed a motion to dismiss Plaintiff's FAC.  See

5  ECF No. 61.  Generally, State Defendants contend the FAC should be dismissed for two reasons

6  (1) this Court lacks jurisdiction to enjoin the actions of the State Defendants because Plaintiff

7  lacks standing under Federal Rule of Civil Procedure 12(b)(1), and (2) the FAC should be

8  dismissed for failure to state a claim upon which relief may be granted under Federal Rule of

9  Civil Procedure 12(b)(6).  See id., pgs. 2, 7.  Specifically, State Defendants assert Plaintiff lacks

10  standing because the conduct with which Plaintiff seeks injunctive relief—the revocation of her

11  medical license—is a past injury.  Also, State Defendants assert that the Court dismissed with

12  prejudice Plaintiff's claims for damages based on quasi-judicial or quasi-prosecutorial immunity

13  and that any claims against these State Defendants now should be dismissed with prejudice also

14  because such claims in the FAC are based on the same factual allegations as in the original

15  complaint.  See id., pg. 7.

16          On July 6, 2022, Plaintiff filed a response to State Defendants' motion to dismiss.

17  See ECF No. 64.  In her response, Plaintiff asserts that "when given the opportunity to file an

18  amended complaint by this Court, Plaintiff sought to save the $400+ filing fee by combining her

19  next federal lawsuit with the current one," apparently seeking to save money on filing fees which

20  would be required to initiate a new action.  Id., pg. 2.  Plaintiff states that "[t]he next federal

21  lawsuit was to address civil rights violations brought by the Defendants' confiscation of

22  Plaintiff's property on August 16, 2019"; whereas Plaintiff's original complaint pertained to

23  October 2017 conduct by the State Defendants.  Id.  Plaintiff seeks "leave to file a second

24  amended complaint which would only address civil rights violations related to the [October 2017]

25  conduct" originally alleged and "as instructed by the Court."  Id.  State Defendants have not filed

26  any reply to Plaintiff's response.

27  / / /

28  / / /

Here, it is clear that the pleading Plaintiff filed as her FAC does not relate to the underlying remaining claims in this case, but instead purports to assert entirely new claims based on a different set of events. In her opposition to the pending motion to dismiss the FAC, Plaintiff essentially seeks leave to cure this defect by filing a new FAC in compliance with the District Judge's March 21, 2022, order. State Defendants have not filed a reply to Plaintiff's opposition. The Court construes Plaintiff's opposition as a request to withdraw the FAC and for additional time to file a replacement FAC addressing the remaining claims in this action. So construed, Plaintiff's FAC will be deemed withdrawn and the Court will set a deadline for filing of a replacement FAC. Plaintiff may pursue any new claims raised in the current FAC by way of a separately filed new action. Given withdrawal of the FAC, State Defendants' motion to dismiss that pleading is stricken.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. Therefore, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. Plaintiff's replacement FAC must be complete in itself without reference to any prior pleading. See id. Plaintiff is also cautioned that failure to file a replacement FAC within the time permitted may result in dismissal of the entire action as against all remaining defendants for lack of prosecution and failure to comply with Court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 60 is deemed withdrawn.

2. State Defendants' motion to dismiss, ECF No. 61, is stricken.

3. Plaintiff shall file a replacement first amended complaint within 30 days of the date of this order.

Dated: November 14, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE